**Momodu M. JALLOH Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–5780–AG.

United States Court of Appeals, Second Circuit.

April 6, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Apaamoore Agambila, New York, New York, for Petitioner.

Todd P. Graves, United States Attorney for the Western District of Missouri, Jeffrey P. Ray, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Momodu M. Jalloh, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

When, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard and the findings are conclusive unless any reasonable adjudicator would be compelled to find otherwise. *See* 8 U.S.C. § 1252(b)(4); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, the IJ found for a variety of reasons supported by substantial evidence that the petitioner was not credible. It is unnecessary, however, to address in detail that adverse credibility finding. The IJ went on to rule that even if Jalloh were credible, he did not present any evidence that he had been persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion—the grounds enumerated in 8 U.S.C. § 1101(a)(42)(A). That is, even if Jalloh

has correctly asserted that the IJ's adverse credibility finding is not supported by substantial evidence, to meet his burden and prove eligibility for asylum he was still required to prove that he had suffered past persecution on account of one of the five enumerated grounds. In his brief to this Court, notwithstanding the IJ's adverse ruling on that point, Jalloh does not address it. He argues only that he testified credibility and that the harm inflicted by the rebels amounted to persecution. Because Jalloh has not challenged the adverse ruling that he failed to prove the required nexus between the harm and an enumerated ground, that argument has been waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the same reason, because Jalloh does not challenge before this Court the IJ's denial of his CAT claim, he has waived it. *See id.*

Finally, we do not read Jalloh's challenge to the determination of his citizenship, whether he was a citizen of Sierra Leone or of Guinea, as anything more than a challenge to one aspect of the IJ's credibility determination. Because, for the reasons stated above, we do not need to analyze the IJ's overall credibility assessment, and because Jalloh has not challenged before us the IJ's designation of Guinea as the country to which be will be removed, we need not address that argument further.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Pro-

cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).